THOMAS LOFTUS, Chairperson Committee on Assembly Organization
The Committee on Assembly Organization has asked me to address several questions pertaining to the relationship between this state's public records law and a pledge of confidentiality made as part of a settlement agreement. You also ask about related rights and obligations of the Legislative Audit Bureau.
Apparently the questions are prompted by a recent personnel dispute where the matter was resolved by settlement with one of the terms being that all records regarding the matter would be kept confidential. The controversy involves the Mid-State Vocational, Technical and Adult Education District and one of its employes. The record custodian involved has declined to provide access to the records in honor of the settlement agreement.
You present the following questions
 1. Under what circumstances. if any, may a contractual pledge of confidentiality authorize an authority under s. 19.35, Stats., to withhold the disclosure of a record?
 2. If the party to whom a contractual pledge of confidentiality is made rejects the need for confidentiality after the contract has been signed, may the authority continue to prohibit public access to a record?
 3. If the Legislative Audit Bureau were directed to conduct an audit of the authority in the fact situation described above, would the Bureau be entitled to review a record of the authority otherwise withheld from public access? *Page 15 
 4. If the Legislative Audit Bureau were entitled to review a record of an authority withheld from public access and if the Legislative Audit Bureau were to obtain a copy of the record, would the Bureau be required to withhold the record from public access or would the Bureau act as a new authority for purposes of a record request under s. 19.35, Stats.?
Earlier opinions of this office relating to pledges of confidentiality have acknowledged that such pledges may constitute an exception to the right of public access, but the lest for establishing a valid pledge is demanding:
 First, there must have been a clear pledge made. Second, the pledge should have been made in order to obtain the information. Third, the pledge must have been necessary to obtain the information.
 Finally, even if a pledge of confidentiality fulfills these criteria, thus making the record containing the information obtained clearly within the exception, the custodian must still make an additional determination in each instance that the harm to the public interest that would result from permitting inspection outweighs the great public interest in full inspection of public records.
60 Op. Att'y Gen. 284, 289 (1971).
In the settlement situation involved here, I assume that the pledge of confidentiality is made to obtain the settlement not to obtain the underlying information. Therefore, the second and third elements of the foregoing test would not be satisfied. It is my opinion that nondisclosure of the documents cannot properly be based solely on the pledge of confidentiality.
The current public records law expressly embraces prior common law. Sec. 19.35(1)(a), Stats. Under the common law a custodian could properly deny access to a public record only if the interests to be protected by nondisclosure outweigh the general presumption in favor of public access. This is called the balancing test. State ex rel. Youmans v. Owens, 28 Wis.2d 672,681, 137 N.W.2d 470, 139 N.W.2d 241 (1965).
It is possible that some of the information involved in a personnel dispute may properly be kept confidential. The Legislature has indicated a sensitivity to personnel related information by the exemptions *Page 16 
to the open meetings law. Secs. 19.35(1)(a) and 19.85(1)(b), (c) and (f), Stats. This expression of public policy is also present in section 230.13, Stats., which authorizes the State Department of Employment Relations to keep confidential information regarding certain personnel matters. In applying the balancing test these indications of public policy would weigh heavily. Also a possible factor in this case is the general desirability of resolving disputes by agreement rather than litigation.
On the other hand, the main purpose of the public records law is to enable the citizenry to monitor and evaluate the performance of public officials and employes. If information relating to a settlement and the underlying personnel dispute are kept confidential, the public is deprived of this ability. For this reason the pledge of confidentiality itself is troublesome because the custodian making the pledge is purporting to grant an exception to the public records law. This is particularly troublesome when the settlement involves the payment of money by the government. The public's interest in such information is generally great.
It is my opinion that the making of a pledge of confidentiality as part of a settlement agreement does not guarantee that the pledge will be enforced against a public records request. In applying the balancing test a court may take the pledge as an element of a desirable settlement, and thus the pledge would be just one of the elements that would be considered in applying the balancing test. However, for the pledge to hold up the custodian must make a showing that there are independent and adequate bases for supporting nondisclosure of the requested information. This is consonant with the fourth precondition to a valid pledge of confidentiality cited earlier, i.e., that in addition to having made a pledge the custodian must determine that "the harm to the public interest that would result from permitting inspection outweighs the great public interest in full inspection of public records." 60 Op. Att'y Gen. at 289. If such a showing is not made, I believe the custodian will be found to have made a pledge that cannot be kept.
Remember:
 It is not the trial court's or this court's role to hypothesize reasons or to consider reasons for not allowing inspection which were not asserted by the custodian. If the custodian gives no reasons or gives insufficient reasons for withholding a public *Page 17 
record, a writ of mandamus compelling the production of the records must issue. Beckon, supra at 518, states, "[T]here is an absolute right to inspect a public document in the absence of specifically stated sufficient reasons to the contrary." (Emphasis supplied.)
Newspapers, Inc. v. Breier, 89 Wis.2d 417, 427, 279 N.W.2d 179
(1979).
As to your second question it is my opinion that a pledge of confidentiality is like a privilege in that it is specific to the person in whose favor it is made. Like a privilege then, a pledge of confidentiality may be waived. If waived, the custodian could not properly continue to use the pledge as a basis for denying access.
As to your third question, section 13.94(intro.) provides the following with respect to the pertinent power of the Legislative Audit Bureau headed by the state auditor:
 Subject to s. 230.35(4)(a) and (f), the state auditor or designated employes shall at all times with or without notice have access to all departments and to any books, records or other documents maintained by the departments and relating to their expenditures, revenues, operations and structure except as provided in sub. (4).
The limited exceptions mentioned would have no bearing here.
The state auditor's right of access to records is independent of the public records law. The nature of the state auditor's role is such that he or she must have access to all pertinent records including those that may otherwise be confidential. It is my opinion that the Legislature intended the state auditor to have access to records even though they might not be available to the public under the public records law. This authority extends to records of a vocational, technical and adult education district hoard, as involved here, by virtue of section 13.94(4).
As to your fourth question, the state auditor's access to an otherwise confidential record does not change the record's status. As stated in 57 Op. Att'y Gen. 187, 191 (1968), "[t]he law seems clear that information of a confidential nature gained by one administrative branch of the government from another may be used in *Page 18 
preparation for proper internal matters, but should not be disclosed to the public."
BCL:RWL